```
                IN THE UNITED STATES DISTRICT COURT
               FOR THE NORTHERN DISTRICT OF ILLINOIS
                          EASTERN DIVISION

VERNETTA WILLIAMS,             )
                               )
          Plaintiff,           )
                               )
     v.                        )    No.  10 C 5566
                               )
NICASA NFP,                    )
                               )
          Defendant.           )
```

MEMORANDUM OPINION AND ORDER

Vernetta Williams ("Williams") has filed a self-prepared Complaint of Employment Discrimination[1] against her ex-employer, which her case caption lists as "NICASA NFP" ("NICASA"[2]), using the form of such Complaint provided by this District Court's Clerk's Office for pro se plaintiffs. Williams has accompanied her Complaint with two other documents, again using Clerk's-Office-supplied forms: an In Forma Pauperis Application ("Application") and a Motion for Appointment of Counsel ("Motion"). This memorandum opinion and order is being issued contemporaneously with the issuance of this Court's customary initial scheduling order.

To begin with, the Application demonstrates Williams'

---

[1] "Self-prepared" is used in the sense that Williams has personally provided the information called for by the printed form of Complaint.

[2] Because Williams has not included a copy of her Charge of Discrimination with her Complaint, even though Complaint ¶7.1(b) says otherwise, this Court is unsure as to the ex-employer's precise name. This opinion will, however, follow Williams' lead in that respect.

inability to pay the initial filing fee, so the Application is granted. In addition, the Motion reports a substantial number of efforts by Williams to obtain counsel on her own, and with all of those efforts having been unsuccessful, this Court has obtained the name of this member of the trial bar to provide Williams with legal representation pro bono publico:

>  Dennis H. Stefanowicz, Jr.
>  Holman & Stefanowicz, LLC
>  233 South Wacker Drive
>  Suite 5620
>  Chicago IL 60606
>  (312)258-9700

To turn to the Complaint, this Court has noted that it was filed on September 1, 91 days after the June 2 date when Williams received EEOC's right-to-sue letter according to Complaint ¶8(b).[3] Like other courts, our Court of Appeals (and this Court following its lead) have found even one day's tardiness enough to require dismissal of a Title VII employment discrimination case unless the defendant does not raise the issue--but in this instance this Court finds Williams' lawsuit viable because her identification of alleged race-based discrimination in Complaint ¶9(e) invokes 42 U.S.C. §1981 ("Section 1981") as well as Title VII, and a Section 1981 claim is not subject to any administrative precondition (see, e.g., Tyson v. Gannett Co., 538

---

[3] Perhaps Williams mistakenly read the 90-day reference in the right-to-sue letter as allowing her three months to act, ignoring the fact that both July and August are 31-day months.

F.3d 781, 783 (7th Cir. 2008)).

Accordingly, in conjunction with the earlier-mentioned appointment of pro bono counsel, he will be expected (1) to arrange for service of process on NICASA and (2) to comply with the provisions of this Court's scheduling order in advance of the initial status hearing date. That should enable counsel for both parties to be present at that time to provide a progress report.

                                 _____
                                 Milton I. Shadur
                                 Senior United States District Judge

Date:  September 2, 2010